**1569**

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE NESTLÉ WATERS : 
NORTH AMERICA INC. : 
CLASS ACTION LITIGATION :        MDL Docket No. _____
 :
 :
 :
 :

## MOTION FOR TRANSFER FOR COORDINATED
## AND CONSOLIDATED PRETRIAL PROCEEDINGS

Defendant Nestlé Waters North America, Inc. ("NWNA" or "defendant")

hereby moves before the Judicial Panel on Multidistrict Litigation, pursuant to 28

U.S.C. §1407 and Rule 7.2 *et seq*. of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, for entry of an order transferring certain civil actions to the

United States District Court for the District of Connecticut for coordinated and

consolidated pretrial proceedings. All of the actions that are the subject of this motion

arise out of the same events relating to plaintiff's allegations of false identification in

labeling and marketing by defendant of "Poland Spring" brand bottled water as "spring

water" or "natural spring water." A schedule containing the captions of the seven (7)

related actions pending in various United States District Courts is annexed hereto as

Exhibit "A."

In support of this motion, the undersigned aver that:

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

JG-4263

286945

**OFFICIAL FILE COPY**

**IMAGED AUG 19 '03**

1.     The undersigned (together with various local counsel) represents NWNA in every action identified in Exhibit "A" hereto.

2.     There are seven (7) class actions pending in United States District Courts against NWNA (at times, the "Federal Class Actions" or the "Class Actions"). All of these Class Actions were instituted in various state courts since on or about June 18, 2003, and thereafter removed by NWNA to the United States District Court in the applicable vicinage.  NWNA is named as the only defendant in all of the Class Actions.

3.     One (1) of these Class Actions was filed in the Superior Court of Connecticut, Judicial District of Fairfield (and thereafter timely removed to the United States District Court for the District of Connecticut) (see true copy of the complaint annexed hereto as Exhibit "B") [at times, the "Connecticut Federal Class Action"]; one (1) of these actions was filed in the Superior Court of Middlesex County, Commonwealth of Massachusetts (and thereafter timely removed to the United States District Court for the District of Massachusetts) (see true copy of the complaint annexed hereto as Exhibit "C") [the "Massachusetts Federal Class Action"]; two (2) of these actions were filed in the Superior Court of New Jersey, Law Division, Atlantic County (and thereafter timely removed to the United States District Court for the District of New Jersey) (see true copy of the complaints annexed hereto as Exhibits "D" and "E") [collectively, the "New Jersey Federal Class Actions"]; and three (3) of these actions were filed in Florida state courts (one [1] in the Circuit Court of the 11th Judicial

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

-2-

District in and for Miami-Dade County, Florida and two (2) in the Circuit Court of the 17th Judicial District in and for Broward County) (and thereafter timely removed to the United States District Court for the Southern District of Florida) (see true copy of the complaints annexed hereto as Exhibits "F," "G," and "H") [collectively, the "Florida Federal Class Actions"].

4.     Motions to remand by the plaintiffs in the Connecticut Federal Class Action and the Massachusetts Federal Class Action, and one (1) of the Florida Federal Class Actions, are presently pending.

5.     The Federal Class Actions (with the exception of one of the Florida Class Actions, which is a copy or virtual copy of the other Florida Class Action) have been commenced by an identical core group of plaintiffs' counsel, together with different local counsel in certain of the Class Actions.

6.     The factual allegations of each of the Federal Class Actions filed to date are identical or virtually identical.  The core factual allegations of each Federal Class Action are that defendant falsely represented in the marketing and labeling of its "Poland Spring" brand bottled water the identity of same as "spring water" or "natural spring water," notwithstanding that Poland Spring brand bottled water allegedly does not meet the applicable standard of identity of "spring water" or "natural spring water."

7.     A review of the various Class Action complaints reveals that, in addition to these core allegations, the various complaints contain additional allegations

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

that are identical or virtually identical, and which should properly be addressed in one judicial forum. For example, in addition to the claim of false identity as "spring water" or "natural spring water," the Class Action complaints also allege (i) that Poland Spring brand bottled water is advertised as being pure, free from contamination, from "protected sources," and "deep in the woods of Maine," and that allegedly it is not; and (ii) that the source of the defendant's Poland Spring brand bottled water is not the original Poland Spring, notwithstanding alleged implications to the contrary in defendant's marketing and labeling. Underlying these common claims are factual issues common to each of the Federal Class Actions as each complaint makes virtually the same or identical allegations concerning the nature, characteristics, origin, quality and source of Poland Spring brand bottled water.

8.     Reflective that the Federal Class Actions arise out of the same set of transactional or operative facts, the New Jersey Federal Class Actions include certifications, as required by applicable New Jersey Rules of Court, identifying the other then-pending Class Actions.

9.     The conduct of pretrial proceedings in at least four (and as many as eight (8)) different United States District Courts involves significant risk of conflicting or inconsistent pretrial rulings that may have significant impact upon the conduct of the trials and ultimate disposition of the Federal Class Actions. The risk of inconsistent pretrial rulings on class issues is especially severe. Each of the Federal Class Actions

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

generally defines its proposed class as purchasers of Poland Spring brand bottled water within the particular state for a period of years (ranging from four (4) to six (6) years) preceding the filing of the complaint, except that the Connecticut Federal Class Action alleges a nationwide class, excluding residents of Massachusetts and New Jersey who have purchased Poland Spring brand bottled water within three (3) years preceding commencement of the action.

10.     Because all the Class Action plaintiffs seek relief for essentially the same alleged acts or omissions, the discovery requests from one Class Action to the next will undoubtedly be similar, if not identical.  For example, all plaintiffs will seek to discover, *inter alia*, the nature of marketing and advertising by defendant for Poland Spring brand bottled water; the history or background of production and bottling methods used by defendant in connection with the Poland Spring brand, including but not limited to the springs from which Poland Spring brand bottled water has originated over time; the quality control procedures employed by defendant; and any regulatory investigations, complaints, proceedings, findings or directives with regard to quality, quality assurance or testing of the Poland Spring brand by defendant.  To allow the plaintiff in each of the Class Actions to serve duplicative discovery requests would be needlessly expensive and harassing to defendant, involve the risk of repetitive motion practice (with potentially conflicting results flowing from such motion practice), and result in waste of judicial resources across five (5) different courts (beyond the District

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

of Connecticut, where the Class Actions should be consolidate).  Given that each of the Class Actions (with one exception -- one (1) of the two (2) Florida class actions) involves the identical core group of attorneys, there is no conceivable legitimate basis for objection by the Class Action plaintiffs of consolidating pretrial proceedings in one United States District Court (in this case, the District of Connecticut).

11.    In the six (6) Class Actions pending in federal courts outside of the State of Connecticut (*e.g.*, pending in United States District Courts in New Jersey, Florida, and Massachusetts), the only connection to the forum state is that the plaintiffs allegedly purchased Poland Spring in those states.  Defendant (a Delaware corporation with its principal offices in Connecticut) is not a citizen, nor do any of its corporate officers reside or have offices, in any of New Jersey, Florida or Massachusetts.  None of the witnesses likely to be deposed by plaintiffs is located in any of either New Jersey, Florida or Massachusetts.  Moreover, few, if any, of the documents pertinent to any of the allegations in the various Class Action Complaints are located in Florida, Massachusetts or New Jersey.

12.    In marked contrast, defendant NWNA has continuously maintained during the relevant time period (and for years prior) its corporate headquarters in Greenwich, Connecticut.  Major corporate decisions concerning the marketing, labeling, production, sale and distribution of Poland Spring brand bottled water in the United States have originated from Greenwich, Connecticut.

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

13.    Plaintiffs will most likely seek to depose the officers and employees of defendant who work or reside Connecticut.  In addition, most, if not all, of the relevant documents in the United States are located in NWNA's Greenwich, Connecticut headquarters.

14.    The litigation in all the pending actions is at its incipient stages. No discovery has been served or provided, no motions have been filed and no hearings or conferences have been held or scheduled with the exception of a motion to remand. Because all of the actions were filed so recently, no judge has had an opportunity to invest a significant amount of time in this litigation and, thus, no factual expertise will be lost by transfer to Connecticut.

15.    The benefits to the parties and the federal judicial system of consolidation in the District of Connecticut are clear:  avoidance of the costs, time, and risks of conflict and inconsistency inherent in six (6) separate proceedings by having the litigation consolidated in the one district in which most of the witnesses and information located in the United States relevant to these actions are located or can be easily obtained.  Whether these actions are transferred or not, the depositions of defendants' executives will necessarily occur in the District of Connecticut; centralizing pretrial proceedings in that same district for all these actions will streamline the time and cost for discovery.  Nor will plaintiffs be inconvenienced by transfer to the District of Connecticut, since discovery of the Connecticut plaintiffs, if needed, will occur in the

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

-7-

district where those plaintiffs reside, as set forth in the Federal Rules. As noted in the

accompanying brief, the convenience of plaintiffs' counsel, is not relevant to this

motion. The efforts of plaintiffs' counsel to shoehorn a litigation into a court that has

no logical or factual connection to the underlying events is irrelevant to this Panel's

determination, and should not be accommodated at the expense of the parties, the

witnesses, and the just and efficient conduct of these actions.

WHEREFORE, the undersigned respectfully request that this motion be

granted, and that pretrial proceedings be transferred to and consolidated in the District

of Connecticut.

Dated: August 13, 2003          ORLOFF, LOWENBACH, STIFELMAN
                                  & SIEGEL, P.A.
                                Attorneys for Defendant
                                101 Eisenhower Parkway
                                Roseland, New Jersey 07068
                                (973) 622-6200


                                By:_____
                                    JEFFREY M. GARROD (4263)

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

-8-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 5 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE NESTLÉ WATERS NORTH AMERICA, INC. : CLASS ACTION LITIGATION | MDL Docket No. _____ |

## BRIEF IN SUPPORT OF MOTION FOR TRANSFER FOR
## COORDINATED AND CONSOLIDATED PRETRIAL PROCEEDINGS

ORLOFF, LOWENBACH, STIFELMAN
& SIEGEL, P.A.
A Professional Corporation
101 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 622-6200
Attorneys for Defendant Nestlé Waters
North America, Inc.

OF COUNSEL:
Jeffrey M. Garrod (4263)

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES.................................................................................. ii

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS....................................................................................2

LEGAL ARGUMENT ..........................................................................................9

POINT ONE ..........................................................................................................9
   TRANSFER TO A SINGLE DISTRICT FOR COORDINATED
   AND CONSOLIDATED PRETRIAL PROCEEDINGS IS
   NECESSARY TO PREVENT DUPLICATIVE DISCOVERY
   AND TO ELIMINATE THE POSSIBILITY OF CONFLICTING
   RULINGS, PARTICULARLY ON CLASS ISSUES..........................................9

POINT TWO ......................................................................................................11
   THE DISTRICT OF CONNECTICUT IS THE MOST APPROPRIATE
   TRANSFEREE FORUM FOR THIS LITIGATION, BECAUSE THE
   CORPORATE HEADQUARTERS OF DEFENDANT AND THE
   MAJORITY OF RELEVANT DOCUMENTS AND PROSPECTIVE
   WITNESSES IN THE UNITED STATES ARE LOCATED THERE...............11

CONCLUSION ...................................................................................................14

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

In re Air Crash At Belle Harbor, New York,
  203 F. Supp.2d 1379, 1380-81 (J.P.M.D.L. 2002) .............................................. 11

In re Allstate Insurance Co. Underwriting and Rating Litigation,
  206 F. Supp.2d 1371, 1372 (J.P.M.D.L. 2002) .................................................... 11

In re Anthracite Coal Antitrust Litigation,
  436 F. Supp. 402, 403 (J.P.M.D.L. 1977) ................................................. 9, 10, 13

In re Cenco, Inc. Securities Litigation,
  434 F. Supp. 1237, 1239 (J.P.M.D.L. 1977) ........................................................ 13

In re Clinton Oil Co. Securities Litigation,
  368 F. Supp. 813, 814 (J.P.M.D.L. 1973) ..................................................... 10, 12

In re Resource Exploration, Inc. Securities Litigation,
  483 F. Supp. 817, 821-22 (J.P.M.D.L. 1980) ...................................................... 10

In re Richardson-Merrell Inc. "Bendectin" Products Liability Litigation (No. II),
  533 F. Supp. 489, 490-91 (J.P.M.D.L. 1982) ................................................ 11, 12

In re Rio Hair Naturalizer Products Liability Litigation,
  904 F. Supp. 1407-08 (J.P.M.D.L. 1995) ............................................................ 11

In re U.S. Financial Securities Litigtion,
  375 F. Supp. 1403, 1404 (J.P.M.D.L.) ................................................................ 12

In re Upjohn Co. Antibiotic "Cleocin" Products Liability Litigation,
  450 F. Supp. 1168, 1170 (J.P.M.D.L. 1978) .................................................. 11, 12

Savalle and SDB Trucking , LLC v. Nestlé Waters North America, Inc.,
  Civil Action No. 3:03-CV-1204-GLG ............................................................. 1, 14

**Statutes**

28 U.S.C. § 1407 ........................................................................................... 1, 9

**Rules**

Fed. R. Civ. P. 45(d) (2) ........................................................................................ 13

Rule 7.2 *et seq.* of the Rules of Procedure of the Judicial Panel
on Multidistrict Litigation ....................................................................................... 1

BRIEF IN SUPPORT OF MOTION FOR TRANSFER FOR
COORDINATED AND CONSOLIDATED PRETRIAL PROCEEDINGS

PRELIMINARY STATEMENT

This Brief is submitted on behalf of defendant Nestlé Waters North

America, Inc. ("NWNA" or "defendant") in support of its accompanying motion,

pursuant to 28 U.S.C. §1407 and Rule 7.2 *et seq.* of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation, for entry of an order transferring certain

civil actions to the District of Connecticut for coordinated and consolidated

pretrial proceedings with Savalle and SDB Trucking , LLC v. Nestlé Waters North

America, Inc., Civil Action No. 3:03-CV-1204-GLG (Hon. Gerard L. Goettel) (at

times, the "Connecticut Federal Class Action").

There are, in total, seven (7) significantly related class actions

pending in four (4) District Courts (the District of Connecticut, the District of New

Jersey, the District of Massachusetts and the Southern District of Florida) (at

times, the "Class Actions" or "Federal Class Actions").  For the reasons set forth

below (and in the accompanying motion), these related Class Actions should be

transferred to a single District for pretrial purposes because they involve identical,

or virtually identical, complex questions of fact.  Transfer to a single District is

necessary to prevent duplicative discovery and inconsistent or conflicting pretrial

determinations, including but not limited to rulings relating to class certification.

Transfer to the District of Connecticut for consolidation with the

Connecticut Federal Class Action is appropriate, particularly given that the

corporate defendant is headquartered in the District of Connecticut, and the vast

bulk of the documents and witnesses are located in the District of Connecticut.

Consolidation of the Federal Class Actions in the District of Connecticut would be

most convenient for the parties and witnesses, will permit more efficient and

economical prosecution and defense of the pretrial phase of the Class Actions, and

would best facilitate the just and economical conduct of the litigation.

STATEMENT OF FACTS

There are seven (7) Class Actions pending in United States District

Courts against NWNA, all of which were instituted in various state courts since on

or about June 18, 2003, and thereafter removed by NWNA to the United States

District Court in the applicable vicinage.  NWNA is named as the only defendant

in all seven (7) of the Class Actions.

One (1) of these actions was filed in the Superior Court of

Connecticut, Judicial District of Fairfield (and thereafter timely removed to the

United States District Court for the District of Connecticut); one (1) of these

actions was filed in the Superior Court of Middlesex County, Commonwealth of

Massachusetts (and thereafter timely removed to the United States District Court

for the District of Massachusetts) [the "Massachusetts Federal Class Action"]; two

(2) of these actions were filed in the Superior Court of New Jersey, Law Division,

Atlantic County (and thereafter timely removed to the United States District Court

for the District of New Jersey) [collectively, the "New Jersey Federal Class

- 2 -

Actions"]; and three (3) of these actions were filed in Florida state courts (the Circuit Court of the 11th Judicial District in and for Miami-Dade County, Florida and the Circuit Court of the 17th Judicial District in and for Broward County) (and thereafter timely removed to the United States District Court for the Southern District of Florida) [collectively, the "Florida Federal Class Actions"].

Plaintiffs have filed motions to remand in the Connecticut Federal Class Action, the Massachusetts Federal Class Action and one (1) of the three (3) Florida Federal Class Actions, which motions are presently pending.

The Federal Class Actions (with the exception of one (1) of the Florida Class Actions, which is a copy or virtual copy of the other Florida Class Actions) have been commenced by an identical core group of plaintiffs' counsel, together with different local counsel in certain of the Class Actions.

The factual allegations of each of the Federal Class Actions filed to date are identical or virtually identical. The core factual allegations of each Federal Class Action are that defendant falsely represented in the marketing and labeling of its "Poland Spring" brand bottled water the identity of same as "spring water" or "natural spring water," notwithstanding that Poland Spring brand bottled water allegedly does not meet the applicable standard of identity of "spring water" or "natural spring water."

A review of the various Class Action complaints (annexed as exhibits to the accompanying motion) reveals that, in addition to these core

allegations, the Federal Class Actions contain additional allegations that are identical or virtually identical, and which should properly be addressed in one judicial forum.  For example, in addition to the claim of false identity as "spring water" or "natural spring water," the class action complaints also allege that Poland Spring brand bottled water is advertised as being pure, free from contamination, from "protected sources," and "deep in the woods of Maine," and that allegedly it is not; and (ii) that the source of the defendant's Poland Spring brand bottled water is not the original Poland Spring, notwithstanding alleged implications to the contrary in defendant's marketing and labeling.  Underlying these common claims are common factual issues relating to the nature, characteristics, origin, quality and source of Poland Spring brand bottled water.

Reflective that the Federal Class Actions arise out of the same set of transactional or operative facts, the New Jersey Federal Class Actions include certifications, as required by applicable New Jersey Rules of Court, identifying the other then-pending Class Actions as related lawsuits.

The conduct of pretrial proceedings in at least four (and as many as six (6)) different United States District Courts involves significant risk of conflicting or inconsistent pretrial rulings that may have significant impact upon the conduct of the trials and ultimate disposition of the Federal Class Actions.  The risk of inconsistent pretrial rulings on class issues is especially severe.  Each of the Federal Class Actions generally defines its proposed class as purchasers of Poland

Spring brand bottled water within the particular state for a period of years (ranging from four (4) to six (6) years) preceding the filing of the complaint, except that the Connecticut Federal Class Action alleges a nationwide class, excluding residents of Massachusetts and New Jersey, who have purchase Poland Spring brand bottled water within three (3) years preceding commencement of the action.

Because all of the Class Action plaintiffs seek relief for essentially the same alleged acts or omissions, the discovery requests from one Class Action to the next will undoubtedly be similar, if not identical. For example, all plaintiffs will seek to discover, *inter alia*, the nature of marketing and advertising by defendant for Poland Spring brand bottled water; the history or background of production and bottling methods used by defendant in connection with the Poland Spring brand, including but not limited to the springs from which Poland Spring brand bottled water has originated over time; the quality control procedures employed by defendant; and any regulatory investigations, complaints, proceedings, findings or directives with regard to quality, quality assurance or testing of the Poland Spring brand by defendant.

To allow the plaintiff in each of the Class Actions to serve duplicative discovery requests would be needlessly expensive and harassing to defendant, involve the risk of repetitive motion practice (with potentially conflicting results flowing from such motion practice), and result in waste of judicial resources across six (6) different courts (beyond the District of

Connecticut, where the Class Actions should be consolidated). Given that each of the Class Actions (with one exception -- one (1) of the three (3) Florida class actions) involves the identical core group of attorneys, there is no conceivable legitimate basis for objection by the Class Action plaintiffs of consolidating pretrial proceedings in one United States District Court (in this case, the District of Connecticut).

In the six (6) Class Actions pending in federal courts outside of the State of Connecticut (e.g., pending in United States District Courts in New Jersey, Florida, and Massachusetts), the only connection to the forum state is that the plaintiffs allegedly purchased Poland Spring in those states. Defendant (a Delaware corporation with its principal offices in Connecticut) is not a citizen, nor do any of its corporate officers reside or have offices, in any of New Jersey, Florida, or Massachusetts. None of the witnesses likely to be deposed by plaintiffs is located in any of either New Jersey, Florida, or Massachusetts. Moreover, few, if any, of the documents pertinent to any of the allegations in the various Class Action Complaints are located in Florida, Massachusetts, or New Jersey.

In marked contrast, defendant NWNA has continuously maintained during the relevant time period (and for years prior) its corporate headquarters in Greenwich, Connecticut. Major corporate decisions concerning the marketing, labeling, production, sale and distribution of Poland Spring brand bottled water in the United States have originated from Greenwich, Connecticut.

Plaintiffs will most likely seek to depose the officers and employees of defendant who work or reside in Connecticut. In addition, most, if not all, of the relevant documents in the United States are located in NWNA's Greenwich, Connecticut headquarters.

The litigation in all the pending actions is at its incipient stages. No discovery has been served or provided, no motions have been filed and no hearings or conferences have been held. Because all of the actions were filed so recently, no judge has had an opportunity to invest a significant amount of time in this litigation and, thus, no factual expertise will be lost by transfer to Connecticut.

The benefits to the parties and the federal judicial system of consolidation in the District of Connecticut are clear: avoidance of the costs, time, and risks of conflict and inconsistency inherent in seven (7) separate proceedings by having the litigation consolidated in the one district in which most of the witnesses and information located in the United States relevant to these actions are located or can be easily obtained. Whether these actions are transferred or not, the depositions of defendants' executives will necessarily occur in the District of Connecticut; centralizing pretrial proceedings in that same district for all these actions will streamline the time and cost for discovery.

Nor will plaintiffs be inconvenienced by transfer to the District of Connecticut, since discovery of the Connecticut plaintiffs, if needed, will occur in the district where those plaintiffs reside, as set forth in the Federal Rules. The

convenience of plaintiffs' counsel is not relevant to this motion.  The efforts of plaintiffs' counsel to shoehorn a litigation into various courts that have no logical or factual connection to the underlying events is irrelevant to this Panel's determination, and should not be accommodated at the expense of the parties, the witnesses, and the just and efficient conduct of these actions.

## ARGUMENT

## POINT ONE

### TRANSFER TO A SINGLE DISTRICT FOR COORDINATED AND CONSOLIDATED PRETRIAL PROCEEDINGS IS NECESSARY TO PREVENT DUPLICATIVE DISCOVERY AND TO ELIMINATE THE POSSIBILITY OF CONFLICTING RULINGS, PARTICULARLY ON CLASS ISSUES

As described above, the Class Actions involve numerous complicated issues of fact that are not merely common, but identical. Therefore, transfer under 28 U.S.C. § 1407 "is necessary in order to prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings and streamline the remainder of the pretrial proceedings as well."   In re Anthracite Coal Antitrust Litigation, 436 F. Supp. 402, 403 (J.P.M.D.L. 1977) (emphasis added). Transfer is particularly crucial in these actions because of the risk of inconsistent class determinations. All of the lawsuits purport to be class actions. While the different plaintiffs agree generally that the class should be comprised of Poland Spring purchasers, the complaints conflict on several important issues regarding class definition.

For example, although the Connecticut Federal Class Action, defines the alleged class as all purchasers of Poland Spring residing in the United States (other than in Massachusetts and New Jersey) who have purchased Poland Spring brand bottled water within three (3) years preceding commencement of the action. The Florida Class Actions allege a class of Florida residents who have purchased

Poland Spring brand bottled water during the period commencing four (4) years

prior to the commencement of said Class Actions.  There is overlap between the

classes alleged in the Connecticut Class Action Complaint and the classes alleged

in the Complaints in the Florida Class Actions in terms of class membership, as

well as inconsistency as to the date on which the class period begins.  Transfer and

consolidation of federal class actions are particularly appropriate in cases where

multiple class actions allege similar or overlapping class membership.  In re

Resource Exploration, Inc. Securities Litigation, 483 F. Supp. 817, 821-22

(J.P.M.D.L. 1980).

     In such cases, where several actions "raise common factual issues

and contain similar class allegations," this Panel has uniformly held that

> Transfer to a single district for coordinated or consolidated pretrial
> proceedings is necessary in order to avoid duplication of discovery
> and eliminate the possibility of inconsistent class determinations.

In re Clinton Oil Co. Securities Litigation, 368 F. Supp. 813, 814 (J.P.M.D.L.

1973) (emphasis added); see, e.g., In re Anthracite Coal Antitrust Litigation,

supra, 436 F .Supp. at 403 ("Significantly, transfer for coordinated or consolidated

pretrial proceedings will ensure consistent treatment of the class action issues in

these actions.").  Additionally, this Panel has recognized that transfer and

consolidation of cases such the Class Actions are appropriate to conserve the

resources of the parties, their counsel and the judiciary.  See, In re Allstate

Insurance Co. Underwriting and Rating Litigation, 206 F. Supp.2d 1371, 1372

(J.P.M.D.L. 2002); In re Air Crash At Belle Harbor, New York, 203 F. Supp.2d

1379, 1380-81 (J.P.M.D.L. 2002); In re Rio Hair Naturalizer Products Liability

Litigation, 904 F. Supp. 1407-08 (J.P.M.D.L. 1995).


## POINT TWO

### THE DISTRICT OF CONNECTICUT IS THE MOST APPROPRIATE TRANSFEREE FORUM FOR THIS LITIGATION, BECAUSE THE CORPORATE HEADQUARTERS OF DEFENDANT AND THE MAJORITY OF RELEVANT DOCUMENTS AND PROSPECTIVE WITNESSES IN THE UNITED STATES ARE LOCATED THERE

NWNA, the defendant named in each of the Class Action

Complaints, has its offices in Greenwich, Connecticut. Its documents and

employees, which will undoubtedly be the focus of discovery in these actions, are

likewise in Greenwich, Connecticut. Transfer to the District of Connecticut will,

therefore, be most convenient for the parties and witnesses, and will best promote

the efficient conduct of the litigation by coordinating pretrial proceedings in the

same location where the vast majority of the discovery will occur.

In similar cases, this Panel has consistently held that the district in

which the defendant's corporate headquarters, documents and witnesses are

located is the most appropriate transferee forum. E.g., In re Richardson-Merrell

Inc. "Bendectin" Products Liability Litigation (No. II), 533 F. Supp. 489, 490-91

(J.P.M.D.L. 1982); In re Upjohn Co. Antibiotic "Cleocin" Products Liability

Litigation, 450 F. Supp. 1168, 1170 (J.P.M.D.L. 1978); In re U.S. Financial

Securities Litigtion, 375 F. Supp. 1403, 1404 (J.P.M.D.L.); In re Clinton Oil Co.

Securities Litigation, supra, 368 F. Supp. at 814.

   In each of these cases, the transferee court was selected despite the

fact that, as here, a larger number of cases was pending in other districts than the

district in which the defendant's corporate headquarters, documents and witnesses

were located.  See In re Richardson-Merrell Inc. "Bendectin" Products Liability

Litigation (No. II), supra, 533 F. Supp. at 490 (transfer to district in which

corporate facilities, documents and witnesses were located, despite pendency of

more lawsuits in three other districts); In re Upjohn Co. Antibiotic "Cleocin"

Products Liability Litigation, supra, 450 F. Supp. at 1169 (transfer to district near

corporate headquarters and records, where only 1 of 15 actions was pending,

despite pendency of more lawsuits in two other districts); In re U.S. Financial

Securities Litigation, supra, 375 F. Supp. at 1404 (transfer to district in which

corporate headquarters, documents and anticipated witnesses were located, where

2 of 10 actions were pending, despite pendency of 5 lawsuits in another district);

In re Clinton Oil Co. Securities Litigation, supra, 368 F. Supp. at 814 (transfer to

district in which corporate headquarters, documents and anticipated witnesses

were located, where 1 of 7 actions was pending, despite pendency of more

lawsuits in another district).

   Since virtually identical factual allegations are made in all of the

actions, the same documents will need to be reviewed, the same interrogatories

answered, and the same defense witnesses deposed.  Because defendant's witnesses and documents, to the extent located in the United States, are located primarily in Connecticut,[1] plaintiffs' counsel will have to travel outside their respective transferor-court states in any event.  Thus, Connecticut is the natural pretrial center of gravity of this litigation.

Nor would plaintiffs be inconvenienced by transfer of pretrial proceedings to Connecticut, since "plaintiffs' witnesses will likely be deposed in proximity to their residences, see, Fed. R. Civ. P. 45(d) (2), and thereby would not be required to travel to the transferee district for pretrial under Section 1407." In re Cenco, Inc. Securities Litigation, 434 F. Supp. 1237, 1239 (J.P.M.D.L. 1977).

At most, transfer of these actions to the District of Connecticut might cause minor inconvenience to plaintiffs' core counsel, who have filed six (6) of the seven (7) separate (but virtually identical) lawsuits in various state courts (all of which have been timely removed).  As this Panel held in In re Anthracite Coal Antitrust Litigation, "[t]he convenience of counsel, however, is not by itself a factor to be considered under Section 1407 in the Panel's decision whether to order transfer or in the selection of a transferee forum for a group of actions." 436 F. Supp. at 403.  In the present matter, where plaintiffs' counsel have obviously attempted to snare this litigation for themselves by simply filing a large number of duplicative actions, despite the lack of any factual connection to

---

[1] Some relevant documents of the defendant may be located in Maine.

any of the jurisdictions other than the District of Connecticut, the convenience of counsel is irrelevant and should be ignored.

CONCLUSION

For the reasons set forth above and at oral argument of this matter, defendant Nestlé Waters North America, Inc. respectfully requests that the Panel transfer the related six (6) Class Actions and consolidate same for pretrial proceedings with Savalle and SDB Trucking , LLC v. Nestlé Waters North America, Inc., Civil Action No. 3:03-CV-1204-GLG (Hon. Gerard L. Goettel) within the District of Connecticut.

Dated: August 13, 2003                ORLOFF, LOWENBACH, STIFELMAN
                                      & SIEGEL, P.A.
                                      A Professional Corporation
                                      Attorneys for Defendant Nestlé Waters
                                        North America, Inc

BY:_____
        JEFFREY M. GARROD (4263)
      101 Eisenhower Parkway
      Roseland, New Jersey 07068
      Tele:  (973) 622-6200
      Fax:  (973) 622-3073

OF COUNSEL:
  Jeffrey M. Garrod (4263)

- 14 -

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 5 2003

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE NESTLÉ WATERS NORTH AMERICA INC. CLASS ACTION LITIGATION | : : : : : : : | MDL Docket No. _____ |

## **SCHEDULE OF ACTIONS**

Lisa McGonagle and Deborah Kuhn v. Nestlé Waters North America Inc.
United States District Court for the District of Massachusetts
Civil Action No.: 1:03-CV-11370-DPW
Assigned to Honorable Douglas P. Woodlock, U.S.D.J.

Michele Savalle and SDB Trucking, LLC v. Nestlé Waters North America Inc.
United States District Court for the District of Connecticut
Civil Action No.: 3:03-CV-1204-GLG
Assigned to Honorable Gerard L. Goettel, U.S.D.J.

Daniel Gaito, on behalf of himself and all other similarly situated v. Nestlé Waters
North America Inc.
United States District Court for the District of New Jersey (Camden Vicinage)
Civil Action No.: 1:03cv03422 (FLW)
Assigned to Honorable Freda L. Wolfson, U.S.D.J.

Muire Cosgrove, on behalf of herself and all other similarly situated v. Nestlé Waters
North America Inc.
United States District Court for the District of New Jersey (Camden Vicinage)
Civil Action No.: 1:03cv03421
Assigned to Honorable Freda L. Wolfson, U.S.D.J.

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-8200

JG-4263

289209    08/13/03

Ticia Joseph, a Florida resident, on behalf of himself and all others similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Fort Lauderdale Division)
Case No.: 03-61452
Assigned to Honorable Kenneth Marra, U.S.D.J.

Scott Maravilla, a Florida resident, on behalf of himself and all others similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Miami Division)
Case No.: 03-22021
Assigned to Honorable William Hoeveler, U.S.D.J.

Monica Bliss-Weick, on behalf of herself and all others similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Fort Lauderdale Division)
Case No.: 03-61550
Assigned to Honorable Cecilia Altonaga, U.S.D.J.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| IN RE NESTLÉ WATERS | : | |
| NORTH AMERICA INC. | : | MDL Docket No. _____ |
| CLASS ACTION LITIGATION | : | |
| | : | |
| | : | |
| | : | |

## NOTICE OF REQUEST FOR ORAL ARGUMENT

TO:    Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C.  20002-8004

DEAR SIR or MADAM:

NOTICE is hereby given that the undersigned counsel for defendant

Nestlé Waters North America Inc. requests oral argument of defendant's Motion For

Transfer For Coordinated And Consolidated Pretrial Proceedings, pursuant to Rule

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

JG-4263

289207

16.1(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Dated:  August 13, 2003

ORLOFF, LOWENBACH, STIFELMAN
   & SIEGEL, P.A.
Attorneys for defendant
Nestlé Waters North America Inc.

By:_____
        Jeffrey M. Garrod, Esq.
        101 Eisenhower Parkway - 4th Floor
        Roseland, New Jersey  07068
        Tele:  (973) 622-6200
        Fax:   (973) 622-3073

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE NESTLÉ WATERS
NORTH AMERICA INC.              :        MDL Docket No. _____
CLASS ACTION LITIGATION        :

## NOTICE OF APPEARANCE

TO:    Clerk of the Panel
       Judicial Panel on Multidistrict Litigation
       Thurgood Marshall Federal Judiciary Building
       One Columbus Circle, N.E.
       Room G-255, North Lobby
       Washington, D.C.  20002-8004

DEAR SIR or MADAM:

        In compliance with Rule 5.2(c), the following designated attorney is

authorized to receive service of all pleadings, notices, orders, and other papers relating

to practice before the Judicial Panel on Multidistrict Litigation on behalf of defendant

Nestlé Waters North America Inc.  I am aware that only one attorney may be designated

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

JG-4263

289206

for each party.

Dated:  August 13, 2003                    ORLOFF, LOWENBACH, STIFELMAN
                                                & SIEGEL, P.A.
                                                Attorneys for defendant
                                                Nestlé Waters North America Inc.


                                                By:_____
                                                      Jeffrey M. Garrod, Esq.

Name and Address of
Designated Attorney:

                           Jeffrey M. Garrod, Esq.
                           ORLOFF, LOWENBACH, STIFELMAN
                           & SIEGEL, P.A.
                           101 Eisenhower Parkway - 4th Floor
                           Roseland, New Jersey  07068
                           Tele:  (973) 622-6200
                           Fax:   (973) 622-3073

List of Represented Parties:

                           Nestlé Waters North America Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 5 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE NESTLÉ WATERS          :
NORTH AMERICA, INC.          :          MDL Docket No. _____
CLASS ACTION LITIGATION      :
                             :
                             :

## PROOF OF SERVICE

I hereby verify under penalty of perjury that, on August 13, 2003, I caused

a true and correct copy of the following papers filed with the Clerk of the Multidistrict

Panel to be transmitted to Federal Express for next day delivery to (a) the counsel

referenced on Counsel List annexed hereto, (b) the Clerks of the United States District

Courts in which an action is pending that will be affected by the within motion, and (c)

the United States District Judges who have been assigned to the affected District Court

actions.

A.   Motion for Transfer for Coordinated and Consolidated Pretrial
     Proceedings;

B.   Notice of Appearance pursuant to Rule 5.2(c);

C.   Brief in support of motion;

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200
MH-2515

289201   08/12/03

D.   Schedule of Actions covered by the motion pursuant to Rule 7.2;

E.   Request for Oral Argument pursuant to Rule 16.2(d);

F.   Corporate Disclosure Statement; and

G.   Proof of Service, with annexed Counsel List.

Dated:  August 13, 2003
        Roseland, New Jersey

MICHAEL S. HARATZ (2515)

# COUNSEL LIST

*Re:*    *Michele Savalle & SDB Trucking, LLC*
          *(U.S. Dist. Ct., CT)*

## Plaintiffs' Attorneys:

James E. Miller, Esq.
Shepherd, Finkelman, Miller & Shah, LLC
One Lewis Street
Hartford, CT 06103
Tel. 860-246-0600
Fax: 860-246-0700

Thomas M. Sobol, Esq.
Edward Notargiacomo, Esq.
Jeniene Andrews-Matthews, Esq.
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel. 617-482-3700
Fax: 617-482-3003

Steven W. Berman, Esq.
Hagens Berman, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel. 206-623-7292
Fax: 206-623-0594

Garve Ivey, Esq.
Ivey & Ragsdale
315 W. 19th Street
P.O. Box 1349
Jasper, AL 35502
Tel.: 205-221-4644
Fax: 205-252-8484

*Cont'd.*

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

Scott R. Shepherd, Esq.
Shepherd, Finkelman, Miller & Shah, LLC
35 East State Street
Media, PA 19063
Tel. 610-891-9880
Fax: 610-891-9883

Max D. Stern, Esq.
Stern Shapiro Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
Tel.: 617-742-5800
Fax: 617-742-5858

**Local Counsel for Nestlé Waters North America Inc.**

David B. Zabel, Esq.
Cohen & Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel.: [Direct] (203) 337-4255
Tel. [Main]  203-368-0211
Fax:  203-394-9901

*Re:*   *Lisa McGonagle and Deborah Kuhn*
        *(U.S. Dist. Ct., Mass.)*

**Plaintiffs' Attorneys:**
Thomas M. Sobol, Esq.
Edward Notargiacomo, Esq.
Jeniene Andrews-Matthews
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, Mass. 02110
Tel.: 617-482-3700
Fax: 617-482-3003

Steve W. Berman, Esq.
Hagens Berman, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel.: 206-623-7292
Fax: 206-623-0594

Garve Ivey, Esq.
Ivey & Ragsdale
315 W. 19th Street
P.O. Box 1349
Jasper, AL 35502
Tel.: 205-221-4644
Fax: 205-252-8484

Max D. Stern, Esq.
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
Tel.: 617-742-5800
Fax: 617-742-5858

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

*Cont'd.*

**Local Counsel for Nestlé Waters North America Inc.:**
Martha J. Koster, Esq.
Benjamin L. Hincks, Esq.
Kevin M. McGinty, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Mass. 02111
Tel. [Direct] 617-348-1630 [Koster]
Tel. [Main] 617-542-6000
Fax: 617-542-2241

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

*Re:*    *Muire Cosgrove*
       *(U.S. Dist. Ct., NJ)*

**Plaintiff's Attorneys:**
David A. Capozzi, Esq.
David A. Capozzi, P.C.
496 N. Kings Highway, Suite 207
Cherry Hill, NJ 08034
Tel. 856-414-1640
[Liaison Counsel]

Jeffrey L. Kodroff, Esq.
John A. Macoretta, Esq.
Simon Bahne Paris, Esq.
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. 215-496-0300
Fax: 215-496-6611

Thomas M. Sobol, Esq.
Edward Notargiacomo, Esq.
Jeniene Andrews-Matthews
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel.: 617-482-3700
Fax: 617-482-3003

Max D. Stern
Stern Shapiro Weissberg & Garin
90 Calan Street
5th Floor
Boston, MA 02114
Tel.: 617-742-5800
Fax: 617-742-5858

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

*Cont'd.*

Garve Ivey, Esq.
Ivey & Ragsdale
315 W. 19th Street
P.O. Box 1349
Jasper, AL 35502
Tel.: 205-221-4644
Fax: 205-252-8484

-8-

Re:     *Daniel Gaito*
        (U.S. Dist. Ct., NJ)

**Plaintiff's Attorneys:**

Thomas M. Sobol, Esq.
Edward Notargiacomo, Esq.
Jeniene Andrews-Matthews
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel.: 617-482-3700
Fax: 617-482-3003

Garve Ivey, Esq.
Ivey & Ragsdale
315 W. 19th Street
P.O. Box 1349
Jasper, AL 35502
Tel.: 205-221-4644
Fax: 205-252-8484

Max D. Stern
Stern Shapiro Weissberg & Garin
90 Calan Street
5th Floor
Boston, MA 02114
Tel.: 617-742-5800
Fax: 617-742-5858

David A. Capozzi, Esq.
David A. Capozzi, P.C.
496 N. Kings Highway, Suite 207
Cherry Hill, NJ 08034
Tel. 856-414-1640
[Liaison Counsel]

*Cont'd.*

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

-9-

Jeffrey L. Kodroff, Esq.
John A. Macoretta, Esq.
Simon Bahne Paris, Esq.
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. 215-496-0300
Fax: 215-496-6611

Re:     *Scott Maravilla*
        *(U.S. Dist. Ct., FL)*

## Plaintiff's Attorneys:
Lance A. Harke, Esq.
Harke & Clasby, LLP
155 South Miami Avenue
Suite 600
Miami, FL 33130
Tel. 305-536-8220
Fax: 305-536-8229


## Local Counsel for Nestlé Waters North America Inc.:
Harley S. Tropin, Esq.
David P. Milian, Esq.
Kozyak Tropin & Throckmorton, P.A.
2800 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-372-1800
Telecopier: 305-372-3508

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

-11-

Re:     *Ticia Joseph*
        *(U.S. Dist. Ct., FL)*

**Plaintiff's Attorneys:**

Thomas M. Sobol, Esq.
Edward Notargiacomo, Esq.
Jeniene Andrews-Matthews
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel.: 617-482-3700
Fax: 617-482-3003

Garve Ivey, Esq.
Ivey & Ragsdale
315 W. 19th Street
P.O. Box 1349
Jasper, AL 35502
Tel.: 205-221-4644
Fax: 205-252-8484

Max D. Stern
Stern Shapiro Weissberg & Garin
90 Calan Street
5th Floor
Boston, MA 02114
Tel.: 617-742-5800
Fax: 617-742-5858

Scott R. Shepherd, Esq.
Shepherd, Finkelman, Miller & Shah, LLC
2005 Southeast 4th Avenue
Ft. Lauderdale, FL 33316
Tel. 954-522-0620
Fax: 954-522-0630

*Cont'd.*

ORLOFF, LOWENBACH,
STEELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

Thomas Montalbano Bennett, Esq.
Shepherd, Finkelman, Miller & Shah, LLC
2005 Southeast 4th Avenue
Ft. Lauderdale, FL 33316
Tel. 954-462-4007
Fax: 954-463-4107

**Local Counsel for Nestlé Waters North America Inc.:**
Harley S. Tropin, Esq.
David P. Milian, Esq.
Kozyak Tropin & Throckmorton, P.A.
2800 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-372-1800
Telecopier: 305-372-3508

Re:   *Monica Bliss-Wieck*
        *(U.S. Dist. Ct., FL)*

**Plaintiff's Attorneys:**

Thomas M. Sobol, Esq.
Edward Notargiacomo, Esq.
Jeniene Andrews-Matthews
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel.: 617-482-3700
Fax: 617-482-3003

Garve Ivey, Esq.
Ivey & Ragsdale
315 W. 19th Street
P.O. Box 1349
Jasper, AL 35502
Tel.: 205-221-4644
Fax: 205-252-8484

Max D. Stern
Stern Shapiro Weissberg & Garin
90 Calan Street
5th Floor
Boston, MA 02114
Tel.: 617-742-5800
Fax: 617-742-5858

Adam S. Neidenberg, Esq.
Adam S. Neidenberg, P.A.
320 S.E. 9th Street
Ft. Lauderdale, FL 33316
Tel.:  954-760-7600
Fax:  954-524-7666

*Cont'd.*

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-8200

Jeffrey L. Kodroff, Esq.
John A. Macoretta, Esq.
Simon Bahne Paris, Esq.
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. 215-496-0300
Fax: 215-496-6611


**Local Counsel for Nestlé Waters North America Inc.:**
Harley S. Tropin, Esq.
David P. Milian, Esq.
Kozyak Tropin & Throckmorton, P.A.
2800 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-372-1800
Telecopier: 305-372-3508

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY,
ROSELAND, NJ 07068
(973) 622-6200

## EXHIBITS TO MOTION FOR TRANSFER FOR
## COORDINATED AND CONSOLIDATED TRIAL PROCEEDINGS

**Exhibit A**  Schedule of Actions

**Exhibit B**  Copy of Complaint
Michele Savalle and SDB Trucking, LLC v. Nestlé Waters North America Inc.
United States District Court for the District of Connecticut
Civil Action No.: 3:03-CV-1204-GLG

**Exhibit C**  Copy of Complaint
Lisa McGonagle and Deborah Kuhn v. Nestlé Waters North America Inc.
United States District Court for the District of Massachusetts
Civil Action No.: 1:03-CV-11370-DPW

**Exhibit D**  Copy of Complaint
Muire Cosgrove, on behalf of herself and all other similarly situated v.
Nestlé Waters North America Inc.
United States District Court for the District of New Jersey (Camden Vicinage)
Civil Action No.: 1:03cv03421

**Exhibit E**  Copy of Complaint
Daniel Gaito, on behalf of himself and all other similarly situated v. Nestlé
Waters North America Inc.
United States District Court for the District of New Jersey (Camden Vicinage)
Civil Action No.: 1:03cv03422 (FLW)

**Exhibit F**  Copy of Complaint
Ticia Joseph, a Florida resident, on behalf of himself and all others
similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Fort Lauderdale
Division)
Case No.: 03-61452

**Exhibit G**  Copy of Complaint
Scott Maravilla, a Florida resident, on behalf of himself and all others
similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Miami Division)
Case No.: 03-22021

289211   08/13/03

**Exhibit H**   Copy of Complaint
Monica Bliss-Weick, on behalf of herself and all others similarly situated v.
Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Fort Lauderdale
Division)
Case No.:  03-61550

Exhibit A

# EXHIBIT "A"

Lisa McGonagle and Deborah Kuhn v. Nestlé Waters North America Inc.
United States District Court for the District of Massachusetts
Civil Action No.: 1:03-CV-11370-DPW
Assigned to Honorable Douglas P. Woodlock, U.S.D.J.

Michele Savalle and SDB Trucking, LLC v. Nestlé Waters North America Inc.
United States District Court for the District of Connecticut
Civil Action No.: 3:03-CV-1204-GLG
Assigned to Honorable Gerard L. Goettel, U.S.D.J.

Daniel Gaito, on behalf of himself and all other similarly situated v. Nestlé Waters North America Inc.
United States District Court for the District of New Jersey (Camden Vicinage)
Civil Action No.: 1:03cv03422 (FLW)
Assigned to Honorable Freda L. Wolfson, U.S.D.J.

Muire Cosgrove, on behalf of herself and all other similarly situated v. Nestlé Waters North America Inc.
United States District Court for the District of New Jersey (Camden Vicinage)
Civil Action No.: 1:03cv03421
Assigned to Honorable Freda L. Wolfson, U.S.D.J.

Ticia Joseph, a Florida resident, on behalf of himself and all others similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Fort Lauderdale Division)
Case No.: 03-61452
Assigned to Honorable Kenneth Marra, U.S.D.J.

Scott Maravilla, a Florida resident, on behalf of himself and all others similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Miami Division)
Case No.: 03-22021
Assigned to Honorable William Hoeveler, U.S.D.J.

Monica Bliss-Weick, on behalf of herself and all others similarly situated v. Nestlé Waters North America Inc.
United States District Court, Southern District of Florida (Fort Lauderdale Division)
Case No.: 03-61550
Assigned to Honorable Cecilia Altonaga, U.S.D.J.



# NOTICE

## PLEASE SEE OFFICIAL FILES
### FOR

## MDL-1569
## PLEADING 1
## See pldg. for exhibits B-H

*Michael J. Beck*

August 19, 2003

CLERK OF THE PANEL