# MDL1569

## ORLOFF, LOWENBACH, STIFELMAN & SIEGEL
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
101 EISENHOWER PARKWAY
ROSELAND, NEW JERSEY 07068-1082

(973) 622-6200  •  FAX: (973) 622-3073
E-MAIL: attorneys@olss.com
www.olss.com

JOEL D. SIEGEL*
FRANK L. STIFELMAN*
LAURENCE B. ORLOFF†
STANLEY SCHWARTZ*
JEFFREY M. GARROD*
FLOYD SHAPIRO†
SANDERS M. CHATTMAN
ALAN F. KORNSTEIN*
SAMUEL FELDMAN*
EDMUND A. MIKALAUSKAS
SUSAN M. HOLZMAN*
MICHAEL S. HARATZ*
WILLIAM J. ADELSON*
EILEEN A. LINDSAY
EUGENIA YUDANIN*

GERALYN G. HUMPHREY△
CRAIG A. OLLENSCHLEGER
PHILIP C. CORBO*
MATTHEW P. BENNETT*
ALISSA L. EPSTEIN◊
DEBORAH M. TYLER*
ADAM M. HABERFIELD△
PHILIP E. MAZUR

COUNSEL
MURRY D. BROCHIN◊

OF COUNSEL
RALPH M. LOWENBACH*
BERNARD SCHENKLER◊

* MEMBER NJ & NY BARS
† MEMBER NJ, NY & FL BARS
△ MEMBER NJ & PA BARS
* MEMBER NJ, NY & DC BARS
◊ MEMBER NJ & MA BARS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 2 2003

FILED
CLERK'S OFFICE

October 1, 2003

REFER TO FILE NO.
32605-85

**By Telecopy**

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

　　　Re:　**In re Nestlé Waters North America Inc.,
　　　　　　Marketing Litigation
　　　　　　Case No.: MDL-1569**

Dear Mr. Beck:

　　　This firm represents Nestlé Waters North America Inc. in connection with the above proceedings. We write in response to the "motion for injunctive relief" filed with the MDL Panel by Lance A. Harke, Esq., counsel for plaintiff Scott Maravilla in one of the matters currently being considered by the Panel for consolidation and currently pending in the Southern District of Florida.

　　　It is our understanding, based upon research that we have performed, that the Panel does not have jurisdiction to address substantive issues such as injunctive relief, particularly in matters for which consolidation is pending and no transfer has been

**OFFICIAL FILE COPY**

PLEADING NO. 14
291585  10/01/03
IMAGED OCT 3 '03
RECEIVED CLERK'S OFFICE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION  '03 OCT -2  P 5:28

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL
A PROFESSIONAL CORPORATION

Mr. Michael Beck, Clerk of the Panel  -2-          October 1, 2003

ordered. Mr. Harke, by virtue of the filing of the identical motion before the Southern District of Florida, also appears to have serious questions regarding the Panel's jurisdiction to hear his motion.

Plaintiff's argument that this Panel can enjoin aspects of a state court proceeding while a motion for consolidation is pending is fundamentally flawed. It has long been the express rule of this Panel that the "pendancy of a motion . . . concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Rule 1.5. The federal courts uniformly hold that, by virtue of this rule, the court in which the action is pending retains jurisdiction over the matter unless and until the matter is consolidated and transferred by the Panel. See, e.g. Steel Workers Pension Trust v. Citigroup, Inc., 295 B.R. 747, 749 (E.D.P.A. 2003); Rogers v. Cisco Sys., 268 F. Supp. 2d 1305, 1307 (N.D. Fla. 2003); Hertz Corp. v. Gator Corp., 250 F. Supp. 2d 421, 425 (D.N.J. 2003); United States ex rel. Cosens v. St. Francis Hosp., 241 F. Supp. 2d 223, 225 (E.D.N.Y. 2003); Moore v. Wyeth-Ayerst Labs., 236 F. Supp. 2d 509, 511 (D.Md. 2002). Indeed, that principle was established nearly thirty years ago in the oft-cited opinion In re Four Seasons Sec. Laws Litigation, 362 F. Supp. 574, 575n.2 (J.P.M.L. 1973)("The mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in transferor district court and does not in any way limit the jurisdiction of transferor court to rule upon matters properly presented to it for decision."). Accordingly, until a transfer and consolidation is ordered by the Panel, the district courts in which the matters are currently pending retain jurisdiction over substantive matters before them.

A plain reading of 28 U.S.C. §1407 leads to the same conclusion. That statute states, in relevant part, that "actions may be transferred to any district for coordinated or consolidated pretrial proceedings". The pretrial proceedings may be heard by the transferee court after the transfer order, but the authority of the Panel that is granted by that statute only extends to rendering a decision on whether the transfer and consolidation will be made. The distinction between the panel and transferee court is further made clear by the language that states that "each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred". 28 U.S.C. §1407(a); see In re Roberts, 178 F.3d 181, 185 (3d Cir. 1999)("power to remand a transferred case to the transferor court lies with the Panel, not the transferee district judge".) Plaintiff overlooks this fundamental

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL
A PROFESSIONAL CORPORATION

Mr. Michael Beck, Clerk of the Panel        -3-                          October 1, 2003

distinction between the Panel, which appears only to have been provided with the authority to consolidate and transfer actions pending in federal district courts, and the transferee court, which oversees pretrial proceedings once an action has been consolidated. Because no consolidation order has been entered, no court has been assigned to oversee consolidated pretrial proceedings and there is no court, beside the Southern District of Florida, to enter the type of injunctive relief that plaintiff seeks by way of motion to the Panel.

  Plaintiff has not recited any legal authority that grants the Panel the jurisdiction or authority to decide a motion for injunctive relief. Accordingly, for all the foregoing reasons, we request that the motion filed by counsel for plaintiff Maravilla not be considered by the Panel.

  Please advise us if the Panel intends to consider this motion and establish a schedule by which our response would be due.

Very truly yours,<br><br>JEFFREY M. GARROD

cc:  Barry A. Ragsdale, Esq. (Via Telecopy)
  Lance A. Harke, Esq. (Via Telecopy)